**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ETTI BITON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CASE NO: CIV-23-968-SLP** |
| | ) |
| JEFFREY JACKSON | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

1. This is a lawsuit for immigration financial support under the United States and Immigration Services ("USCIS") Form I-864, Affidavit of Support

2. Plaintiff Etti Biton is the beneficiary of an Affidavit of Support signed by her ex-husband, Jeffrey Jackson.

3. Mr. Jackson has breached the Affidavit of Support contract by failing toensure that Ms. Biton's income is at or above 125 percent of the federal poverty line.

4. This lawsuit seeks to compel Mr. Jackson to fulfill the support duty mandated by the Affidavit of Support and associated federal law.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the federal Immigration and Nationality Act *See* 8 U.S.C. § 1183a(e)(I).

6. This Court has personal jurisdiction over Mr. Jackson as, by signing an Affidavit of Support, he submitted to the jurisdiction of any court with subject

matter jurisdiction over Plaintiff's claims. 8 U.S.C. § 1183a(a)(1)(C).

7.     Venue is proper in this District as this venue is the situs of the acts or occurrences giving rise to Defendant's support obligation.

8.     Venue is proper in this District as a substantial part of the events or

omissions giving rise to the claims occurred in this District, to wit, the damages

Ms. Biton suffered by virtue of the Defendant's breach of contract. 28 U.S.C. §

1391(b)(2).

## III. PARTIES

11.     Plaintiff Etti Biton is a citizen of the country of Israel and

lawful permanent resident ("Resident") of the United States of

America.

12.     Ms. Biton is indigent and currently living at or below the poverty level

.

13.     Defendant, Jeffrey Jackson, is a citizen of the United States of America

and is the Plaintiff's former spouse.

14.     As further alleged below, Mr. Jackson served as the Plaintiff's immigration sponsor by executing an Affidavit of Support, thereby contractually promising to provide a specified level of income to the Plaintiff.

15.     Ms. Biton resides in the Western District of Oklahoma.

## IV. FACTUAL ALLEGATIONS

### Background concerning the Affidavit of Support.

16.     Since 1882 federal law has excluded the immigration of individuals

considered "likely to become a public charge." Act of Aug. 3, 1882, 22 Stat. 214.

17. The current immigration statute, in effect at all times material to the facts alleged herein, forbids the entry of immigrants determined likely to become a "public charge." 8 U.S.C. § 1182(a)(4).

18. The Affidavit of Support is required for a family-based immigrant visa applicant to overcome public charge inadmissibility. *See* 8 U.S.C. § 1182(a)(4)(C).

19. The only family-based immigrants who are exempt from submitting an Affidavit of Support are those classes listed at 8 C.F.R. § 213a.2(a)(2)(ii), to wit: (A) self-petitioners under the Violence Against Women Act; (B) grandfathered immigrants with petitions pending prior to December 19, 1997; (C) those who have worked and/or may be credited with 40 qualifying quarters of coverage as defined under title II of the Social Security Act; (D) a child admitted under 8 U.S.C. § 1181(a) and 8 C.F.R. § 211.1(b)(1); and (E) a child who will automatically acquire citizenship under 8 U.S.C. § 1431.

20. The Affidavit of Support has been mandatory in marriage-based immigrant visa cases at all times material to the case at bar.

21.   The Affidavit of Support is a legally binding contract between the sponsor and the United States Government. 8 U.S.C. § 1183a(a)(1)(B).

22.   By signing the Affidavit of Support, the sponsor agrees to provide the intending immigrant with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size. 8 U.S.C. § 1183a(a)(1)(A).

23.   As used in the Affidavit of Support, 8 U.S.C. § 1183a, and 8 C.F.R. Part 213a, "income" means an individual's total income (or adjusted gross income for those who file IRS Form 1040EZ) for purposes of the individual's U.S. Federal income tax liability, including a joint income tax return. 8 C.F.R. § 213a.1.

24.   The Federal Poverty Guidelines ("poverty line") are published annually in the Federal Register. l (currently $$18,225 per year or $1519 per month)

25.   In any given year for which a sponsored immigrant is entitled to support under the Affidavit of Support, she is entitled to support based on the poverty line in effect for that year according to the individual's U.S. state of residency.

26.   The Affidavit of Support obligation may be enforced by the immigrant beneficiary, who is a third-party beneficiary thereof. 8 U.S.C. § 1183a(a)(1)(B); 8 C.F.R. § 213a.2(d).]

27.   Per 8 C.F.R. § 213a.4(a)(2) a sponsored immigrant is not required to

make any demand for payment from a sponsor prior to commencing a lawsuit to

enforce the sponsorship obligation under the Affidavit of Support.

28.   By signing the Affidavit of Support, the sponsor agrees to submit to the

personal jurisdiction of any federal or state court that has subject matter

jurisdiction over a lawsuit against the sponsor to enforce obligations under the

Affidavit of Support. 8 U.S.C. § 1183a(a)(1)(C).

29.    By signing the Affidavit of Support, the sponsor certifies under penalty

of perjury that the sponsor has read and understands each part of the

obligations described in the Affidavit of Support and agrees freely and without

any mental reservation or purpose of evasion to accept ach of those obligations in

order to make it possible for the immigrant(s) listed in the Affidavit of Support

to become lawful permanent residents of the United States.

30.    The Affidavit of Support sponsor also agrees to notify the Government of

any change in the sponsor's address within 30 days of the change by filing a

Form I-865. *See* 8 U.S.C. § 1183a(d).

31.    A sponsor's duties under the Affidavit of Support commence when the

beneficiary becomes a Resident based on and application that included the

Affidavit of Support.

32.    An Affidavit of Support sponsor must continue to perform under the contract until the occurrence of one of five events (collectively "the Terminating Events") set forth in the contract.[1]

33.    The sponsor's obligation under the Affidavit of Support conclude once the beneficiary becomes a U.S. citizen (the "First Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(A).

34.    The sponsor's obligation under the Affidavit of Support concludes once the beneficiary has worked or can receive credit for 40 quarters of work under the Social Security Act (the "Second Terminating Event"). 8 U.S.C. § 1183a(a)(3)(A); 8 C.F.R. § 213a.2(e)(2)(i)(B).

35.    The sponsor's obligation under the Affidavit of Support concludes once the beneficiary is no longer a permanent resident and has departed the U.S.

(the "Third Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(C).

36.    The sponsor's obligation under the Affidavit of Support concludes once the beneficiary is subject to an order of removal but applies for and obtains in removal proceedings a new grant of adjustment of status based on a new affidavit of support, if required (the "Forth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(D).

37.    The sponsor's obligation under the Affidavit of Support concludes once the beneficiary dies (the "Fifth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(E). The term "Terminating Event" is not a term of art under the Immigration and Nationality Act, and is used here to refer collectively to the legal events that conclude the sponsor's obligations under the Affidavit of Support.

38.    An Affidavit of Support is considered executed once it is signed and submitted to either USCIS or the Department of State in support of an intending immigrant's application. 8 C.F.R. § 213a.2(a)(B)(ii).

39.    Once executed, the Affidavit of Support becomes a binding contract between the sponsor and the United States government for the benefit of the sponsored immigrant. 8 C.F.R. § 213a.2(d).

40.    A sponsor's support obligation under the Affidavit of Support commences when an intending immigrant obtains Resident status on the basis of an application that included the sponsor's Affidavit of Support. 8 C.F.R. § 213a.2(e)(1).

### Plaintiff's immigration to the United States.

41.    Mr. Jackson and Ms. Biton were married in April 2014, in Comanche County, Oklahoma.

42.  Prior to the parties' marriage, Ms. Biton was in the United

States pursuant to a visitor B1-B2 visa.

43.  Prior to the parties' marriage, Ms. Biton was prepared to return to Israel following

the expiration of said visa.

44. Following the parties' marriage, Mr. Jackson commenced the process offacilitating Ms. Biton's full immigration to the United States.

45.        Upon information and belief, Mr. Jackson signed a U.S. Citizenship and Immigration Services ("USCIS") Form I-130, Petition for Alien Relative (the "Visa Petition").

46.        Upon information and belief, the Visa Petition listed Plaintiff as the intending immigrant beneficiary of the petition.

47.   Upon information and belief, Mr. Jackson transmitted the signed Visa

Petition to USCIS.

48.   By filing the Visa Petition, Mr. Jackson initiated the process of securing

United States Residency status for Ms. Biton.

49.   Upon information and belief, the Visa Petition was approved.

50.   Ms. Biton thereafter filed a permanent residency application with the U.S.

State Department on the strength of the approved I-130 Petition.

51.   Ms. Biton did not qualify for any of the grounds listed at 8 C.F.R. § 213a.2(a)(2)(ii) that could have exempted her from the requirement to file an

Affidavit of Support.
52.   Upon information and belief, Mr. Jackson signed an Affidavit of Support,

listing Ms. Biton as the intending immigrant beneficiary (the "Affidavit of

Support").

53.   Upon information and belief, the Affidavit of Support listed no other

intending immigrants sponsored by the Affidavit.

54.   Upon information and belief, Mr. Jackson caused the Affidavit of Support

to be filed with USCIS in support of Ms. Jackson's residency application.

55.   Upon information and belief, in support of the Affidavit of Support, Mr.

Jackson filed proof of his income in the form of documentation of his federal

income tax filings with the Internal Revenue Service.

56.   The State Department approved Ms. Biton's permanent residency

application.

57.   Ms. Biton was issued permanent resident status within the United States.

58.   Ms. Biton is a lawful permanent resident of the U.S.

60.   Ms. Biton attained permanent resident status on in March 2015
61.   Since March 2015, Ms. Biton has held status as a Resident.

### Defendant's breach of contract.

62.   Mr. Jackson's duties under the Affidavit of Support commenced on June 4, 2014 and are continuing.

65.   Ms. Biton's Resident status was based on a permanent resident

application that included the Affidavit of Support.

66.   The Affidavit of Support was "executed" and is therefore an enforceable

contract. 8 C.F.R. § 213a.2(a)(B)(ii); 8 C.F.R. § 213a.2(d).

67. In 2020, the parties separated due to Mr. Jackson's infidelity and continued financial abuse.

70. Since their separation home, Ms. Biton has received no full financial Support based on the Affidavit of Support signed by Mr. Jackson.

71. Ms. Biton has a household size of one for purposes of her support under the Affidavit of Support

### Facts concerning Terminating Events.

72. No event has occurred that would constitute a Terminating Event under the Affidavits of Support.

73. First Terminating Event has not occurred because Ms. Biton has not become a U.S. citizen.

74. The Second Terminating Event has not occurred because Ms. Biton has neither worked nor can receive credit for 40 quarters of work under the Social Security Act.

75. The Third Terminating Event has not occurred because Ms. Biton has not both lost status as a permanent resident and departed from the U.S.

76. The Forth Terminating Event has not occurred because the Ms. Biton is not both subject to an order of removal and has also applied for and obtained in

removal proceedings a new grant of adjustment of status based on a new affidavit of support (if required).

77. The Fifth Terminating Event has not occurred because Ms. Biton is alive.

78. Mr. Jackson's duties under the Affidavits of Support remain in effect.

## VII. CLAIMS FOR RELIEF

### 1 – Breach of contract.

79. Ms. Biton re-alleges and incorporates all paragraphs above as though fully stated herein.

80. By executing the Affidavit of Support, Mr. Jackson entered into an express

written contract with the United States Government.

81. Ms. Biton is a third-party beneficiary of the Affidavit of Support.

82. Ms. Biton has standing as third-party to enforce her rights under the Affidavit of Support.

83. Under the express terms of the Affidavit of Support, Mr. Jackson agreed to

provide Ms. Biton with any support necessary to maintain her at an income

that is at least 125 percent of the poverty line for her household size. (currently
$1,519 a month)

84.    Mr. Jackson's responsibility to provide income support commenced on

June 4, 2014 at the time the Affidavit was executed.

85.  All conditions precedent to Defendant's duty to perform on the Affidavit

of Support were fulfilled as of March 2015, the date of the commencement of Ms.

Biton's lawful permanent residency.

86.    Defendant has breached the Affidavit of Support by failing to provide

income support to Plaintiff.

87.  As a result of Defendant's breach, Plaintiff has suffered damages in an amount to be determined at trial.

## VIII. REQUEST FOR RELIEF

Plaintiff requests the following relief from the Court:

A.    Issuance of a preliminary injunction, enjoining Mr. Jackson to provide Ms.

Biton with monthly financial support in the amount of 125 percent of the

poverty line for a household of two during the pendency of this litigation.

B.    Entry of judgment against the Defendant and in favor of Plaintiff each

and every cause of action asserted herein.

C.    An award of actual damages in an amount equivalent to 125% of the

poverty line for a household size of one for the period from January 2020, to the

date on which judgment issues, less any sums paid pursuant to Paragraph A.

D.      Further, Plaintiff hereby requests an emergency order that requires the Defendant to comply with the affidavit of support as this matter proceeds to a final resolution; and for immediate payment in the amount of $1,519.00 per month.support from Defendants in the amount of 125% the poverty line for her household of one at the amount of $1519 monthly , less actual income, until the occurrence of one of the Terminating Events.

E.      An order of specific performance, requiring Defendant to make monthly payments to Plaintiff for the amount set forth in Paragraph D above, until such time as a Terminating Event occurs. That such payments shall be due by the fifth calendar day of each month and deposited in the trust fund of Plaintiff's Zelle account or direct deposit.

F.      An award of all Ms. Biton's attorney fees and costs per 8 U.S.C. § 1183a(c)

[and the fee and cost provision within the Affidavit of Support Contracts.

G.      The right to amend this complaint to conform to the evidence presented at

trial.

H.      Such other and further relief in Plaintiff's favor as the Court may deem

just and equitable under the circumstances.

Respectfully submitted,

s/Ge'Andra D. Johnson

_____
Ge'Andra D. Johnson, OBA# 32810
4101 Perimeter Center Drive, Ste. 110
Oklahoma City, Oklahoma 73112
P: 405-702-7228
F: 405-702-6898
E: gjohnson@johnsonlegalok.com
**ATTORNEYS FOR PLAINTIFF
ETTI BITON**