IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETTI BITON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-968-SLP |
| | ) |
| JEFFREY JACKSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court are Plaintiff's Motion for Default Judgment [Doc. No. 6] and Amended Motion for Default Judgment [Doc. No. 7].[1] Upon review, Plaintiff's Amended Motion appears to be substantively identical to the prior Motion, except for additional statements in the attached Affidavit. *Compare* [Doc. No. 6-1]; *with* [Doc. No. 7-1]. It therefore appears Plaintiff intended the Amended Motion [Doc. No. 7] to be the operative filing. Accordingly, the prior Motion [Doc. No. 6] is STRICKEN as duplicative.

In the Amended Motion [Doc. No. 7], Plaintiff asks the Clerk of Court to enter default pursuant to Federal Rule of Civil Procedure 55(a), and simultaneously requests that the Clerk of Court enter default judgment in her favor, presumably pursuant to Rule 55(b)(1). Plaintiff's Amended Motion is substantively identical to her first Motion for Default Judgment filed on January 19, 2024. [Doc. No. 4].

---

[1] Plaintiff previously filed a Motion for Default Judgment [Doc. No. 4], which was stricken for failure to comply with LCvR55.1. Order [Doc. No. 5]. Thus, although not reflected in the title, the pending motions are Plaintiff's second and third attempts to seek default judgment in this action.

The Court notes Plaintiff cured one of the defects in her original Motion [Doc. No. 4] because she now attaches an Affidavit [Doc. No. 7-2] in compliance with LCvR55.1 and the Court's prior Order [Doc. No. 5]. However, Plaintiff's motion is still procedurally improper because she continues to seek entry of default under Rule 55(a) and default judgment under Rule 55(b) simultaneously and in a single Motion. The Court's prior Order specifically stated:

> If Plaintiff refiles her Motion, she is cautioned that entry of default under Rule 55(a) and default judgment under Rule 55(b) are separate steps which must be accomplished in order and **by separate motions**. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); *see also Flohrs v. Eli Lilly & Co.*, No. 12–2439–SAC, 2012 WL 5266116, at *1 (D. Kan. Oct. 23, 2012) (unpublished op.) (addressing the "two sequential steps" of Rule 55 and finding the plaintiff's motion for default judgment premature where he had not first requested an entry of default from the clerk); LCvR7.1(c) ("Each motion filed shall be a separate document, except where otherwise allowed by law, these rules, or court order.").

[Doc. No. 5] (emphasis added). Accordingly, Plaintiff's Amended Motion [Doc. No. 7] is hereby STRICKEN for failure to comply with Rule 55, LCvR7.1(c), and the Court's prior Order [Doc. No. 5]. Any future filings that fail to comply will be summarily stricken.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment [Doc. No. 6] and her Amended Motion for Default Judgment [Doc. No. 7] are STRICKEN for the reasons set forth above, without prejudice to filing a proper motion for entry of default pursuant to Rule 55(a).

IT IS SO ORDERED this 27th day of March, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE