IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETTI BITON, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-23-968-SLP ) |
| JEFFREY JACKSON, | ) ) |
|       Defendant. | ) ) |

**O R D E R**

Before the Court is Plaintiff's Motion for Default Judgment [Doc. No. 13] in this action for immigration financial support pursuant to 8 U.S.C. § 1183a and 8 C.F.R. § 213a.2. The Clerk of Court previously entered default as to Defendant Jeffrey Jackson [Doc. No. 12]. Upon review of the Motion and the accompanying Affidavit [Doc. No. 13-1], the Court has determined Plaintiff must provide additional information regarding her calculation of damages before the Court may enter default judgment.

Federal Rule of Civil Procedure 55(b)(1) provides for default judgment for a sum certain, or a sum that can be made certain by computation. "If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006) (internal quotation marks and citations omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one

capable of mathematical calculation."). The Court agrees with Plaintiff that her claim is for a sum certain because her damages are based on the statutory provision for spousal support at 125 percent of the Federal Poverty Guidelines. *See* 8 U.S.C. § 1183a(a)(1)(A), (h).

Nonetheless, the Affidavit from Plaintiff's counsel does not adequately set forth the calculation behind the $41,919.00 requested for support owed since January of 2020. *See* [Doc. No. 13-1]. The Federal Poverty Guidelines change annually, and counsel for Plaintiff has not demonstrated that the amount requested accounts for those changes during the prior years for which unpaid spousal support is sought: 2020, 2021, 2022, and 2023. Moreover, counsel references qualifying income plaintiff "currently receives" from the Department of Veteran Affairs, but she fails to explain whether the amount requested from January 2020 to present accounts for any deductions for qualifying income during that time period, let alone the specific amounts of any such deductions. *See Flores v. Flores*, 590 F. Supp. 3d 1373, 1380 (W.D. Wash. 2022) ("To determine Plaintiff's damages, the Court must calculate Plaintiff's income and then reduce that income from the 125 percent poverty threshold amount for the relevant period."). Accordingly, to ensure the damages sought are accurate, Plaintiff must file a supplemental affidavit setting forth the total amount of unpaid spousal support sought for each prior year, according to the applicable Poverty Guidelines for that year, less any qualifying income earned each year.[1]

---

[1] It further appears counsel has rounded up the amounts owed to the nearest dollar. *See* [Doc. No. 13-1] ¶¶ 9-11. To ensure the calculation is accurate, however, the Court directs Plaintiff to provide the exact amounts without rounding.

Moreover, it appears to the Court that the amount requested for specific performance (i.e., $1,319.00 per month until a terminating event occurs) is based on the 2023 Poverty Guidelines rather than the 2024 Guidelines. Counsel is directed to include in the supplemental affidavit the monthly amount owed based on the current Guidelines, less any qualifying income. Counsel must provide the exact amount without rounding up.

Plaintiff also requests $6,500.00 in attorney's fees and $467.00 in costs as part of her Motion for Default Judgment.[2] Aff. [Doc. No. 13-1]. "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A); *see also Flores*, 2022 WL 3586871, at *1 (awarding attorney's fees after default judgment pursuant to a motion brought via Rule 54(d)). Unless a statute or court order provides otherwise, a motion for attorney's fees must be filed "no later than 14 days after the entry of judgment." *Id.* at 54(d)(2)(B). Accordingly, Plaintiff may move for attorney's fees pursuant to Rule 54(d) upon entry of judgment, but her current request is premature.

IT IS THEREFORE ORDERED that Plaintiff is directed to file a supplemental affidavit in support of her Motion for Default Judgment detailing her computation of damages, as set forth above, within twenty-one (21) days from the date of this Order. Failure to comply may result in denial of the Motion for Default Judgment [Doc. No. 13].

---

[2] Attorney's fees may be recovered in an action for immigration spousal support. *See* 8 U.S.C. § 1183a(c) ("Remedies available to enforce an affidavit of support under this section include . . . payment of legal fees and other costs of collection."); *see also Flores v. Flores*, No. 3:21-CV-05814-DGE, 2022 WL 3586871, at *1 (W.D. Wash. Aug. 22, 2022) ("Courts have applied this provision to award attorney fees to plaintiffs suing to enforce an I-864 Affidavit of Support.").

IT IS FURTHER ORDERED that Plaintiff is directed to serve the supplemental affidavit and a copy of the Motion for Default Judgment, with exhibits, upon Defendant by one of the means set forth in Federal Rule of Civil Procedure 5(b).  Plaintiff shall file a certificate of service in this action reflecting service was made within three (3) days of service.

IT IS SO ORDERED this 18th day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE