## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ETTI BITON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-968-SLP |
| | ) | |
| JEFFREY JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court are Plaintiff's post-judgment Motion for Contempt of Court [Doc. No. 27] and her Motion to Expedite Hearing on Contempt [Doc. No. 30].[1]  Plaintiff asks the Court to hold Defendant in civil contempt for failure to comply with the Court's Order [Doc. No. 24] and Default Judgment [Doc. No. 25] entered on January 7, 2025, and further requests an expedited hearing on the matter.  Plaintiff also filed a Motion to Compel Discovery [Doc. No. 31] seeking an order requiring Defendant to provide information related to execution of the Judgment.  The Court addresses each Motion in turn.

## I.    Background

As fully set forth in the Court's Order [Doc. No. 24], this action involves claims for immigration spousal support pursuant to 8 U.S.C. § 1183a and an I-864 Affidavit of Spousal Support.  Plaintiff sought unpaid spousal support from 2020 through 2024, in addition to an order of specific performance requiring Defendant to pay spousal support in

---

[1] Between the filing of those two Motions, Plaintiff also filed a Supplement [Doc. No. 28] to the original motion and a Notice of Service [Doc. No. 29].  Plaintiff filed another Supplement on February 13, 2025.  [Doc. No. 32].

an amount equal to 125 percent of the applicable Federal Poverty Guidelines, less her qualifying income, until occurrence of an event that terminated Defendant's spousal support obligation. After service, Defendant failed to answer or otherwise respond, and the Clerk of Court filed an Entry of Default [Doc. No. 12].

On January 7, 2025, the Court entered Default Judgment in favor of Plaintiff, which included monetary damages of $54,375.50. [Doc. No. 25]. The Order and Judgment also required Defendant to pay Plaintiff an amount equal to 125 percent of the Federal Poverty Guidelines for a household of one, less any income earned by Plaintiff, every month until occurrence of a listed terminating event. *Id.* The Order and Judgment stated that Defendant must transmit the monthly payments to Plaintiff on or before the fifth business day of each month. *Id.*; *see also* [Doc. No. 24].

Plaintiff filed the initial Motion [Doc. No. 27] on January 15, 2025, and the Motion for Expedited Hearing [Doc. No. 30] February 5, 2025. Plaintiff represents she served Defendant with the Order and Default Judgment both by email and through the Oklahoma County Sheriff's Office on January 14, 2025. *See* Mot. [Doc. No. 27]; *see also* Sheriff's Return [Doc. No. 27-1]. Plaintiff states that Defendant has failed to pay the monetary damages and the monthly payments required in the Order and Judgment. [Doc. Nos. 27, 28, 30]. She attaches various emails she exchanged with Defendant regarding the Order and Judgment. *See* [Doc. No. 27-2 through 27-7]; [Doc. No. 28].

Plaintiff requests an order finding Defendant in civil contempt. *See* [Doc. No. 27] at 2; [Doc. No. 30] at 4. Plaintiff also requests "garnishment" of Defendant's "VA retirement" and "Bank Accounts" or a "Contempt Fine and Jail Time." [Doc. No. 27] at

2.  In her Motion for Expedited Hearing, Plaintiff again requests "incarceration" and for the court to "[f]reeze Defendant's financial accounts or require a lump sum payment to prevent asset concealment."  [Doc. No. 30] at 4.

## II.    Discussion

### A.  Motions for Contempt [Doc. Nos. 27, 30]

Plaintiff principally seeks to enforce the Court's Order and Judgment, which include $54,375.50 in monetary damages, in addition to the order of specific performance requiring Defendant to pay monthly immigration spousal support currently in the amount of $1,368.75.  Federal Rule of Civil Procedure 69 governs execution of a "money judgment" like the one at issue.[2]  Rule 69(a)(1) provides: "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."[3]

---

[2] This is true even though the latter part of the Judgment requires monthly installment payments pursuant to the I-864 Affidavit of Spousal Support because it fundamentally requires payment of a sum certain.  *See Olson v. Desserts on the Boulevard, LLC*, No. 4:12-CV-1629 CAS, 2014 WL 307144, at *3 (E.D. Mo. Jan. 28, 2014) (summarizing cases from other Circuits providing that Rule 69 governs in the context of "a consent judgment calling for installment payments or payment of a sum certain."); *see also Combs v. Ryan's Coal Co., Inc*., 785 F.2d 970, 980–81 (11th Cir. 1986) (consent decree calling for installment payments by particular dates was properly characterized as a money judgment)); *Fox v. Nat'l Oilwell Varco*, 602 F. App'x 449, 452 (10th Cir. 2015) ("Generally speaking, a money judgment [for purposes of Rule 69(a)] is an order adjudging the payment of a sum of money.").

[3] Plaintiff cites 18 U.S.C. § 401, see [Doc. No. 27] at 2, but that statute is the authority for criminal contempt, and the remedy Plaintiff seeks here is civil contempt to compel compliance with the Judgment.  *See Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 172 F. Supp. 3d 691, 695 n. 1 (S.D.N.Y. 2016).

Based on the first sentence of Rule 69(a)(1), courts generally hold: "when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt.'" *Abbasid, Inc. v. First Nat'l Bank of Santa Fe*, No. CV-09-00354 JP/LFG, 2010 WL 11493333, at *2 (D.N.M. Sept. 9, 2010) (quoting *Combs*, 785 F.2d at 980); *Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 (1st Cir. 1997) (same); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147-48 (9th Cir. 1983) (same); *In re Valentine*, 2014 WL 1347229, at *5 (Bankr. D. Idaho Apr. 3, 2014) ("[C]ontempt [is] an improper means to collect a previously ordered money judgment. The proper remedy is to execute on the Judgment.").[4]

Moreover,

[a] person shall not be imprisoned for debt on a writ of execution or other process issued from a court of the United States in any State wherein imprisonment for debt has been abolished. All modifications, conditions, and restrictions upon such imprisonment provided by State law shall apply to any writ of execution or process issued from a court of the United States in accordance with the procedure applicable in such State.

28 U.S.C. § 2007(a).  Under Oklahoma law, "[i]mprisonment for debt is prohibited, except for the non-payment of fines and penalties imposed for the violation of law."  Okla. Const. art. II, § 13.  Accordingly, because the Judgment at issue in this case does not fall within the exception provided under Oklahoma law, the Court may not imprison Defendant solely

---

[4] The language "unless the court directs otherwise" in Rule 69(a)(1) is interpreted narrowly and does not warrant deviation from the general rule in this case.  *See Abbasid, Inc.*, 2010 WL 11493333, at *2.

for failure to pay the Judgment. *See United States ex rel. Shaw v. AAA Eng'g & Drafting, Inc.*, No. CIV-95-950-M, 2005 WL 8157918, at *2 (W.D. Okla. Apr. 14, 2005).[5]

Civil contempt is unavailable at this juncture, and Plaintiff has not properly sought a writ of execution. *See* Fed. R. Civ. P. 69(a)(1); *see also* 12 Okla. Stat. §§ 731 et seq. Moreover, to the extent Plaintiff seeks garnishment, *see* [Doc. No. 27] at 2, nothing in her Motion suggests she has attempted to follow the procedure for that under Oklahoma law. *See* Fed. R. Civ. P. 69(a)(1); *see also Pflueger v. Effective Secretarial Servs., Inc.*, 161 F.3d 18 (Table), 1998 WL 670205 at *1 (10th Cir. 1998) (noting "Oklahoma garnishment law applies" in an action in this judicial district where the plaintiff sought to collect on a money judgment). For all these reasons, Plaintiff's first two Motions [Doc. Nos. 27, 30] are DENIED.

## B. Motion to Compel Discovery [Doc. No. 31]

As noted, Plaintiff also filed a Motion to Compel seeking discovery of Defendant's current residential address and information related to his financial accounts. *See* [Doc. No. 31]. Federal Rule of Civil Procedure 69(a)(2) provides: "[i]n aid of the judgment or

---

[5] To be clear, this does not mean Defendant cannot be found in civil contempt for failure to comply with a subsequent order of the Court or for wrongful conduct obstructing collection pursuant to a writ of execution. As explained in *Abbasid, Inc.*, the Tenth Circuit has found contempt an appropriate remedy where a judgment debtor "engages in wrongful conduct by hiding assets that a judgment creditor attempts to collect under a writ of execution and where a judgment debtor fails to turnover specific assets that the debtor has been ordered to pay in execution proceedings." 2010 WL 11493333, at *2-3 (discussing *Atlas Corp. v. DeVilliers*, 447 F.2d 799, 803 (10th Cir. 1971)). But contempt was found appropriate "*after* a judgment creditor has already initiated other lawful processes to collect the money judgment." *Id.* (emphasis in original). "The contempt is thus not for refusing to pay a money judgment, but for refusing to comply with court orders designed to satisfy the money judgment." *Id.*; *see also Freeman v. Heiman*, 426 F.2d 1050, 1052 (10th Cir. 1970) ("To compel the judgment debtor to obey the order of the court is not imprisonment for debt, but only imprisonment for disobedience of an order with which he is able to comply.").

5

execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located."[6]  Under Rules 26, 33, and 34, a party may propound interrogatories or requests for the production of documents and electronically stored information on any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1), 33(a)(2), 34(a).  If a party fails to appropriately respond to discovery requests, the party seeking discovery "may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).

In her Motion, Plaintiff does not state or show that she served Defendant any interrogatories, requests for production, or other requests for discovery.  Nor does she state that she served a subpoena to any non-party pursuant to Federal Rule of Civil Procedure 45.  As such, it does not appear Plaintiff sought discovery prior to filing her Motion, so there is no discovery request for the Court to compel any party or nonparty to comply with.  Accordingly, Plaintiff's Motion is DENIED.

## III.    <u>Conclusion</u>

IT IS THEREFORE ORDERED that Plaintiff's Motion for Contempt of Court [Doc. No. 27], Motion to Expedite Hearing on Contempt [Doc. No. 30] are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Discovery [Doc. No. 31] is DENIED.

---

[6] Post-judgment discovery may be used, for example, to "to identify assets that can be used to satisfy a judgment" or "to discover concealed or fraudulently transferred assets[.]"  *Gersh v. Anglin*, 341 F.R.D. 55, 59 (D. Mont. 2022) (internal quotation marks and citations omitted) (discussing post-judgment discovery pursued after default judgment).

IT IS SO ORDERED this 14th day of February, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE