IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETTI BITON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-968-SLP |
| | ) |
| JEFFREY JACKSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court are three post-judgment motions filed by Plaintiff, Etti Biton, appearing pro se: (1) Motion for Writ of Garnishment for VA Retirement Pay [Doc. No. 34]; (2) Motion to Expedite Writ of Execution [Doc. No. 35]; and (3) Motion for Temporary Restraining Order, Preliminary Injunction, and Request for Expedited Consideration [Doc. No. 38].[1]

**I.   Background**

The relevant procedural history of Plaintiff's post-judgment motions is set forth in the Court's prior Order [Doc. No. 33]. As relevant here, Plaintiff seeks to enforce the Default Judgment entered in her favor, which included monetary damages of $54,375.50 and required monthly payments to Plaintiff pursuant to the I-864 Affidavit of Support. *See* [Doc. No. 25]. Plaintiff has shown that Defendant has notice of the Judgment and has refused to comply.

---

[1] Plaintiff also filed a Supplemental Motion to Expedite Writ of Execution [Doc. No. 37] and a Motion to Compel Discovery [Doc. No. 39]. The Court will address those motions separately after a hearing on the Motion to Compel.

**II.     Motion for Writ of Garnishment for VA Retirement Pay [Doc. No. 34] and Motion to Expedite Writ of Execution [Doc. No. 35]**

In her Motion for Writ of Garnishment for VA Retirement Pay [Doc. No. 34], Plaintiff principally seeks garnishment of income Defendant receives through the United States Department of Veterans Affairs. *Id.* at 3-4.[2] Relatedly, although titled a "Motion to Expedite Writ of Execution," Plaintiff asks the Court to "expedite the issuance of the Writ of Garnishment" based on her representation that Defendant is hiding or dissipating his assets to avoid paying the Judgment. *See* [Doc. No. 35] at 4.[3]

As explained in the Court's prior Order [Doc. No. 33], Plaintiff's efforts to execute on a money judgment are governed by Federal Rule of Civil Procedure 69, which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Although generally a money judgment is enforced by a writ of execution, the Court may direct otherwise, and garnishment is a permissible means of enforcement of a judgment under Oklahoma law. *See* Fed. R. Civ. P. 69(a)(1); *see also Pflueger v. Effective Secretarial Servs., Inc.*, 161 F.3d 18 (Table), 1998 WL 670205 (10th

---

[2] Plaintiff also appears to seek garnishment of Defendant's federal income tax refund. *Id.* at 3.

[3] Plaintiff appears to also request additional relief in that second Motion, including a "bank levy" of Defendant's financial accounts and a "Judgment Lien on equitable interest in real property and vehicle[s]." *Id.* at 4. This aspect of her Motion violates LCvR7.1(c), which provides: "[e]ach motion filed shall be a separate document, except where otherwise allowed by law, these rules, or court order." In any event, Plaintiff cites no authority for either form of relief, and she has not complied with the procedure for a judgment lien under 12 Okla. Stat. § 706.

Cir. 1998) (considering Oklahoma garnishment law for execution of a money judgment pursuant to Rule 69(a)); *Universitas Educ., LLC v. Avon Cap., LLC*, No. 14-FJ-0005-HE, 2024 WL 123456, at *4 (W.D. Okla. Jan. 4, 2024), *opinion clarified*, No. 14-FJ-0005-HE, 2024 WL 1699571 (W.D. Okla. Feb. 22, 2024), *and aff'd*, 124 F.4th 1231 (10th Cir. 2024), *and aff'd*, 124 F.4th 1231 (10th Cir. 2024) (granting a motion for writ of garnishment pursuant to Rule 69(a) and Oklahoma law).

Upon review of her Motion, Plaintiff has not complied with the procedural requirements for garnishment under Oklahoma law. *See* 12 Okla. Stat. § 1170 *et seq*. She does not specify what type of post-judgment garnishment she seeks under 12 Okla. Stat. § 1171(B)(2), nor does she attach an affidavit or garnishment summons or provide any details regarding the potential garnishee(s). *See id.* §§ 1172, 1173, 1173.3, 1173.4, 1174. Accordingly, Plaintiff's Motion for Writ of Garnishment for VA Retirement Pay [Doc. No. 34] and Motion to Expedite Writ of Execution [Doc. No. 35] are DENIED for failure to follow the procedure for garnishment under Oklahoma law.

### III. Motion for Temporary Restraining Order, Preliminary Injunction, and Request for Expedited Consideration [Doc. No. 38]

In her Motion for Temporary Restraining Order, Preliminary Injunction, and Request for Expedited Consideration [Doc. No. 38], Plaintiff seeks an order preventing Defendant from opening new financial accounts and transferring, selling, hiding, or otherwise dissipating assets. *Id*. at 4. Plaintiff also seeks injunctive relief requiring Defendant to disclose financial information and other information related to assets she

3

suspects Defendant is transferring or concealing. *Id.* Plaintiff requests expedited consideration of the Motion. *Id.*[4]

Under the circumstances of this case, and particularly where Plaintiff seeks the same relief via other Motions [Doc. Nos. 37, 39], the Court finds the relief requested should be sought through Federal Rule of Civil Procedure 69(a) and Oklahoma post-judgment enforcement mechanisms, rather than as a motion for a temporary restraining order and preliminary injunction. *See Oliver v. Merlo*, No. CV 20-00145 WRP, 2022 WL 20656413, at *13 (D. Haw. Aug. 30, 2022), *aff'd*, No. 22-16771, 2023 WL 6620289 (9th Cir. Oct. 11, 2023) ("Plaintiff has not cited any authority indicating that seeking a *preliminary* injunction is the appropriate mechanism to preserve the status quo after a jury trial where Federal Rule of Civil Procedure 69 and state law provide more specific remedies for enforcing a judgment."); *see also Allstar Mktg. Grp., LLC v. AFACAI*, 2021 WL 2555636, at *6 (S.D.N.Y. June 22, 2021) ("[C]ourts regularly have rejected the notion that Rule 65 can be used to circumvent the more specific provisions of Rule 69 that apply to execution of a judgment."); *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *11 (S.D.N.Y. Mar. 27, 2019) (citation omitted) ("the ordinary recourse upon securing a money judgment is to look for the remedies available under Federal Rule of Civil Procedure 69 and state law; it

---

[4] Plaintiff also asks the Court to issue a subpoena to Defendant's bank and financial institutions, and to an unspecified "probate court . . . to obtain the details of Defendant's inheritance." *Id.* at 4-5. This aspect of her motion violates LCvR7.1(c), discussed above. *See* n. 3, supra. To the extent Plaintiff seeks to have the Clerk of Court issue subpoenas, she must separately comply with the procedural requirements of Federal Rule of Civil Procedure 45(a).

[is] not appropriate to adopt a reading of a post-judgment asset freeze remedy under Rule 65 that would seemingly subsume the remedies provided by Rule 69 and state law.").[5]

Accordingly, Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Request for Expedited Consideration [Doc. No. 38] is DENIED as procedurally improper.

## IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Writ of Garnishment for VA Retirement Pay [Doc. No. 34], Motion to Expedite Writ of Execution [Doc. No. 35], and Motion for Temporary Restraining Order, Preliminary Injunction, and Request for Expedited Consideration [Doc. No. 38] are DENIED.  A hearing will be set on Plaintiff's Motion to Compel [Doc. No. 39] as soon as possible.

IT IS SO ORDERED this 5th day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[5] To that end, the Court notes the relief Plaintiff seeks is available through post-judgment procedures.  Specifically, Plaintiff may pursue post-judgment discovery like that sought via her Motion to Compel [Doc. No. 39] rather than an injunction requiring disclosure of information. *See* Fed. R. Civ. P. 69(a)(2). Additionally, Plaintiff may request a hearing on assets under Oklahoma law, 12 Okla. Stat. § 842, at which time she may request an order "enjoin[ing] the judgment debtor from alienating, concealing, or encumbering any of the judgment debtor's nonexempt property pending the hearing and further order of the court." *See id.* § 842(A).