IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETTI BITON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-968-SLP |
| | ) |
| JEFFREY JACKSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is the Motion for Judgment Lien on Real Property [Doc. No. 48] filed by Plaintiff, Etti Biton, pro se.[1]  As explained in prior Orders [Doc. Nos. 33, 40], Plaintiff seeks to collect on the Default Judgment [Doc. No. 25] entered in this matter, which included monetary damages of $54,375.50 and required monthly payments to Plaintiff pursuant to the I-864 Affidavit of Support.  *See id.*

Plaintiffs' Motion for a Judgment Lien [Doc. No. 48] is procedurally improper.  The procedure for a judgment lien under Oklahoma law is set forth in 12 Okla. Stat. § 706(B).  That statute provides:

> A judgment to which this section applies shall be a lien on the real estate of the judgment debtor within a county only from and after a Statement of Judgment made by the judgment creditor or the judgment creditor's attorney, substantially in the form prescribed by the Administrative Director of the Courts, has been filed in the office of the county clerk in that county.

---

[1] Plaintiff also filed: a Motion for Non-Continuing Bank Levy [Doc. No. 42]; a Motion for Continuing Writ of Garnishment [Doc. No. 43]; a Motion for Non-Continuing Writ of Garnishment [Doc. No. 44]; a Motion for Hearing on Assets [Doc. No. 45]; a Motion for Continuing Bank Levy [Doc. No. 46]; and a Motion for Writ of Execution on Vehicles and Personal Property [Doc. No. 49].  By separate order, the Court will refer those motions to a United States Magistrate Judge pursuant to 28 U.S.C. § 636.

*Id.* at § 706(B). Plaintiff must follow that procedure to obtain the relief she seeks, and this Court is without authority to issue a judgment lien on Defendant's real property. Accordingly, Plaintiff's Motion [Doc. No. 48] is DENIED.

Plaintiff has also filed various motions alleging that Defendant is concealing or transferring assets to avoid payment of the judgment. *See, e.g.*, [Doc. Nos. 37, 38, 39, 45]. Among those motions is Plaintiff's Motion to Compel [Doc. No. 39], which seeks an order compelling post judgment discovery regarding Defendant's assets. That Motion is set for hearing on Tuesday, March 18, 2025. [Doc. No. 41].[2]

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Judgment Lien on Real Property [Doc. No. 48] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite [Doc. No. 37] is DENIED as MOOT.

IT IS SO ORDERED this 18th day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff filed a Supplement [Doc. No. 47] to her Motion for Hearing on Assets [Doc. No. 45], requesting that the hearing on assets be combined with the Motion to Compel hearing. *See* [Doc. No. 47]. The Court declines to do so because it is separately referring the Motion for Hearing on Assets for consideration by a United States Magistrate Judge. Additionally, the relief requested in Plaintiff's Motion to Expedite [Doc. No. 37] (i.e., an order preventing Defendant from concealing or transferring assets) is duplicative of that sought via her Motion for Hearing on Assets, therefore the Motion to Expedite [Doc. No. 37] is DENIED as MOOT.