**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ETTI BITON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-968-SLP |
| | ) |
| JEFFREY JACKSON, | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Plaintiff's pro se Emergency Motion for Asset Freeze and Contempt [Doc. No. 54] filed on March 25, 2025.[1]  Plaintiff seeks an order freezing Defendant's assets, holding Defendant in contempt of court for discovery violations, and ordering "immediate garnishment of wages and bank accounts."  *Id.* at 1.  As set forth below, Plaintiff's Motion is DENIED as procedurally improper and duplicative of the relief sought via numerous other pending Motions.

First, the Motion is procedurally defective.  Plaintiff requests multiple different forms of relief that are all subject to different governing standards, which violates LCvR7.1(c): "[e]ach motion filed shall be a separate document, except where otherwise allowed by law, these rules, or court order."  Additionally, Plaintiff cites no relevant authority for the relief requested.[2]

---

[1] In the interest of judicial economy, and based on the discussion below, the Court deems a response from Defendant unnecessary.

[2] Plaintiff references Federal Rule of Civil Procedure 64, but that Rule applies to prejudgment measures to secure satisfaction of a potential judgment.  The Court is unable to locate the case law Plaintiff references in her motion, [Doc. No. 54] at 4-5, except *Sultana v. Hossain*, No. 3:21-CV-

Most importantly, the relief requested in the present Motion is duplicative of that which Plaintiff has requested in other post-judgment Motions, namely: (1) her Motion for Hearing on Assets [Doc. No. 45], where she requests an "order enjoining Defendant from alienating, concealing, or encumbering, any non-exempt property pending the hearing and further order of the Court"; (2) her post-judgment collection Motions [Doc. Nos. 42, 43, 44, and 46]; and (3) her Motion for Discovery Sanctions [Doc. No. 56].  Accordingly, in addition to being procedurally improper, the present Motion is denied in the interest of judicial economy and as a matter of the Court's discretion to manage its docket.

To that end, Plaintiff is reminded that her post-judgment collection Motions [Doc. Nos. 42, 43, 44, 45, and 46] have been referred for consideration by United States Magistrate Judge Amanda Maxfield Green.  Decisions on those Motions, and the additional Motions pending before this Court [Doc. Nos. 56, 57], do not happen automatically: each Motion requires careful review, legal research, drafting an order, and sometimes a hearing, all of which takes time.  That process takes longer where there are numerous issues raised in each motion, and where there are numerous related motions.  To be clear, the Court does not fault Plaintiff for pursuing various avenues to collect on unpaid spousal support she is

---

1219-BK, 2022 WL 4125221 (N.D. Tex. Sept. 8, 2022).  There, the court noted the defendant had been held in civil contempt for violation of a preliminary injunction entered in the case prior to the court granting summary judgment.  *Id.* at *1.  As with Rule 64, the discussion in that case has no relevant application at the post-judgment posture of this case.

owed—it simply takes this opportunity to explain that each additional post-judgment collection motion increases the amount of time required to reach a resolution.[3]

IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion for Asset Freeze and Contempt [Doc. No. 54] is DENIED.  The Court will address the other motions pending before it [Doc. Nos. 56, 57] after Defendant has had an opportunity to respond.

IT IS SO ORDERED this 7th day of April, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff also cautioned that Defendant is allowed twenty-one days to respond to any motion she files, and she is entitled to an additional seven days to file a reply.  *See* LCvR7.1(g), (h). Accordingly, the ordinary briefing cycle for any motion is up to twenty-eight days.