### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETTI BITON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-23-968-SLP |
| JEFFREY JACKSON, | ) ) ) |
| Defendant. | ) ) |

### **O R D E R**

This matter is before the Court pursuant to its prior Order [Doc. No. 93] setting this matter for hearing to address imposition of sanctions as to counsel for Defendant, Nkem Amadi House, Sr., for failure to appear at the June 12, 2025 status conference and failure to respond to the Court's Order to Show Cause [Doc. No. 82]. The Court held the hearing on July 8, 2025 at 10:00 a.m. *See* Minute Sheet [Doc. No. 99]. Although late to the hearing, Mr. House appeared and acknowledged his failure to attend the status conference and comply with the Court's Order to Show Cause.[1] Upon consideration of the record and the representations of counsel at the hearing, the Court finds a monetary sanction and an attorney fee award to Plaintiff are appropriate sanctions for Mr. House's conduct.

The Court has inherent authority to exercise its discretion and impose sanctions for Mr. House's conduct in this case. *See Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (addressing federal district courts' "inherent power to sanction misconduct and abuse of the judicial process" (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991));

---

[1] Defendant Jeffrey Jackson did not appear at the hearing. *See* Minute Entry [Doc. No. 99].

*LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) ("[F]ederal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers*, 501 U.S. at 43)).  The purposes of imposing sanctions include: "ensur[ing] that . . . abuses [of the judicial system are] not repeated[,] vindicat[ing] [the Court] itself[,] and compensate[ing the other side]." *Chambers*, 501 U.S. at 56-57.

A monetary sanction payable to the court is an appropriate sanction.  *See, e.g., Resolution Tr. Corp. v. Delaney*, 73 F.3d 262, 267 (10th Cir. 1995) (discussing "the court's inherent power to impose a sanction payable to the court"); *see also Royalty Petroleum Co. v. Arkla, Inc.*, 129 F.R.D. 674, 685 (W.D. Okla. 1990).  As stated at the hearing, the Court finds a monetary sanction of $500.00—i.e., $100.00 per hour for five hours of time spent by the Court addressing Mr. House's conduct—is reasonable and appropriate.[2]  This amount represents only a portion of the time spent by the Court in numerous attempts to have Mr. House appear in this matter and to prepare for hearings on the issue.  As explained at the hearing, the Court is particularly troubled by the amount of time spent on incidental and unnecessary issues in a matter that has been closed since January 1, 2025.

Attorney fees are also among the sanctions permitted.  *See Chambers*, 501 U.S. at 50 (recognizing a court's inherent power to impose attorney fees as a sanction for bad-faith conduct).  The Court finds an award of attorney's fees to counsel for Plaintiff is reasonable

---

[2] The hourly rate applied by the Court is well below that which has been utilized in other cases. *See, e.g., Royalty Petroleum Co.*, 129 F.R.D. at 685 (imposing a monetary sanction payable to the court at $600.00 per hour).

under the circumstances, particularly where counsel has described at two hearings their numerous efforts to attempt to reach Mr. House to no avail. Mr. House's failures to appear and lack of responsiveness have carelessly and unnecessarily wasted judicial and party resources. For all these reasons, and for those set forth at the hearing, the Court finds appropriate an award of attorneys' fees to Plaintiff for amounts incurred preparing for and attending the prior status conference, attempting to reach Mr. House regarding the hearings in this matter, and preparation for and attendance at the July 8, 2025 hearing.

IT IS THEREFORE ORDERED as follows:

1. Within fourteen (14) days of the date of this Order, counsel for Defendant, Nkem House, is directed to pay directly to the Clerk of Court the sum of $500.00 for the benefit of the general court fund.

2. Not later than 5:00 p.m. on Friday, July 11, 2025, counsel for Plaintiff shall file with the Court their billing records, supported by affidavit, as to the attorney's fees requested.

3. Mr. House may file any objection to the attorney fee request not later than 5:00 p.m. on Monday, July 14, 2025.

4. Counsel for Plaintiff is directed to file notice with the Court by 5:00 p.m. on Friday, July 11, of any resolution the parties reach regarding the amount of attorney's fees.

IT IS SO ORDERED this 9th day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

3