IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETTI BITON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-968-SLP |
| | ) |
| JEFFREY JACKSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff's Notice of Attorney Fees [Doc. No. 101] filed pursuant to the Court's July 9, 2025 Order [Doc. No. 100]. In the July 9 Order, and at the sanctions hearing on July 8, the Court found a monetary sanction and an attorney fee award were appropriate sanctions for the conduct of Plaintiff's counsel, Nkem Amadi House, Sr., in failing to attend the Court's June 12 status conference and failing to comply with the Court's Order to Show Cause. *See id.*; *see also* Minute Sheet [Doc. No. 99].

The Court directed counsel for Plaintiff to file billing records supporting the amount of attorney's fees requested by 5:00 p.m. on Friday July 11 and gave Mr. House an opportunity to file an objection by 5:00 p.m. on Monday, July 14. *See id.* Counsel for Plaintiff timely complied and filed their Notice requesting $1,000.00 in attorney's fees. *See* Notice [Doc. No. 101]. Mr. House filed a Response [Doc. No. 102] over three hours late, at 8:09 p.m. on July 14. *See* [Doc. No. 102]. Mr. House states he "has not (sic) objection to Plaintiff's Notice and will remit the same once ordered by the Court." *Id.*

In ordering attorney's fees as a sanction pursuant to its inherent authority, the Court considers: (1) the reasonableness of the fee amount; (2) that the award must be the minimum amount reasonably necessary to deter the undesirable behavior; and (3) Mr. House's ability to pay. *See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015); *see also White v. Gen. Motors Corp.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (discussing the same factors in the context of attorney's fees for a Rule 11 violation). The "lodestar method"—i.e., a product of the number of attorney hours reasonably expended and a reasonable hourly rate—is "an acceptable approach to determine the reasonableness of a fee request. . ." *Farmer*, 791 F.3d at 1259. As particularly relevant where there is no objection to the amount requested, "a trial court's determination of fees need not be exacting, and 'should not result in a second major litigation.'" *See Acosta v. Maranto*, No. CIV-15-1378-D, 2017 WL 6520919, at *2 (W.D. Okla. Dec. 20, 2017) (first quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011), then citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017)).

Upon consideration of these factors, the Court finds the full amount requested by Plaintiff is reasonable. *See* [Doc. No. 101-1]. Counsel for Plaintiff applied an hourly rate of $250.00 per hour of attorney time, which is reasonable in the local legal community. *See id.*; *see also Gooden v. Drywall Supply Midwest*, Inc., No. CIV-09-1101-D, 2010 WL 3769261, at *2 (W.D. Okla. Sept. 22, 2010) (finding "$250.00 per hour is reasonable and fully justified" based in part on "the Court's familiarity with prevailing rates in the local legal community"). The four hours expended by counsel for Plaintiff is also eminently reasonable: counsel seeks fees solely for time reasonably spent preparing for and attending

the status conference Mr. House failed to appear for, in addition to the sanctions hearing and minor related matters. *See* [Doc. No. 101-1]. Accordingly, the lodestar amount of $1,000.00 is reasonable.

The Court likewise finds the amount requested is the minimum amount reasonably necessary to deter the undesirable behavior by Mr. House. As previously explained, Mr. House's failures have carelessly and unnecessarily wasted both judicial and party resources. There have been at least eight docket entries and one hearing directly related to Mr. House's failures to appear and respond, all in a case where judgment has been entered since January 7, 2025. Plaintiff seeks a relatively low amount of attorney fees in connection with this conduct, and this amount represents only part of the overall time and expense associated with Mr. House's failure to appear and lack of responsiveness. Finally, there is no concern regarding ability to pay because Mr. House states that he will "remit the [amount requested by Plaintiff] once ordered by the Court." *See* [Doc. No. 102]. For all these reasons, the Court finds the amount requested by Plaintiff is reasonable and appropriate.

IT IS THEREFORE ORDERED that, within fourteen (14) days of the date of this Order, counsel for Defendant, Nkem Amadi House, Sr., shall pay the amount of $1,000.00 in attorney's fees to Plaintiff Etti Biton, in care of her counsel of record.

IT IS SO ORDERED this 16th day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE