**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ETTI BITON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-23-968-SLP |
| | ) |
| JEFFREY JACKSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is the Response to Court's Order to Show Cause [Doc. No. 108] filed by Nkem Amadi House, Sr., counsel for Defendant. The Court previously Ordered Mr. House to show cause why he should not be sanctioned for failure to timely pay the monetary sanction of $500.00 previously imposed for misconduct in this action. *See* Order to Show Cause [Doc. No. 105]. In his response, Mr. House states that he did not timely pay the monetary sanction because he "did not have the funds to pay said sanction due to short term financial difficulties." [Doc. No. 108] at 1. Mr. House goes on to state that those financial difficulties have resolved, and he was able to submit payment to the Clerk of Court on July 30, 2025. *Id.*[1]

As expressed in its prior Order, the Court is truly perplexed by Mr. House's conduct. Without judging the credibility of Mr. House's representation regarding inability to pay, the Court is nonetheless baffled that Mr. House did not file a motion to extend his deadline to pay the monetary sanction. Instead of doing so, Mr. House instead chose the worst

---

[1] The docket reflects that the Clerk of Court did receive payment on that date. *See* [Doc. No. 107].

option available: to let the deadline run without complying rather than timely filing a motion explaining why he was unable to do so and seeking relief.  As with his prior conduct in this action, Mr. House's choice to do nothing shifted the burden to the Court to inquire as to why he had not complied with the Court's Orders.

There is simply no excuse for Mr. House not filing a motion for an extension of time if he was unable to comply with the deadline, and his failure to do so has unnecessarily wasted even more judicial resources.  Nevertheless, Mr. House has now paid the monetary sanction, and the Court will not continue to devote judicial resources to this matter where prior admonitions and sanctions have hardly moved the needle.  For all these reasons, the Court declines to issue further sanctions at this time despite the fact that it finds Mr. House's conduct inexcusable.

IT IS SO ORDERED this 4th day of August, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE