IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETTI BITON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-968-SLP |
| | ) |
| JEFFREY JACKSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion for Attorneys' Fees [Doc. No. 140]. Defendant Jeffrey Jackson did not file a response. A hearing on this Motion was held on December 12, 2025. In the exercise of discretion under LCvR 7.1(g), the Court deems the Motion confessed. *See also* LCvR 54.2 ("Objections to the allowance of attorney's fees must be filed within 14 days from the date the motion for attorney's fees is filed.").[1] For the additional reasons set forth below, the Court finds that the amount of fees sought by the Motion is a reasonable amount to be awarded pursuant to 8 U.S.C. § 1183a(c).

The Court previously granted default judgment in favor of Plaintiff for unpaid immigration financial support pursuant to 8 U.S.C. § 1183a. *See* Order [Doc. No. 24] and Judgment [Doc. No. 25]. Plaintiff now seeks an award of $12,000 in attorneys' fees relating to collection and enforcement efforts against Defendant.

---

[1] Defendant submitted a Response to the Court's Show Cause Order [Doc. No. 147] regarding Defendant's failure to submit an expedited response to the Plaintiff's Motion for Attorneys' Fees. In the Response, Defendant stated "a response to the Motion was unnecessary." [Doc. No. 147] at 2. At the Court's December 12, 2025 hearing on the Motion, counsel for Defendant stated that Defendant had no objection to the Motion.

Plaintiff represents her attorneys' fees are recoverable by function of 8 U.S.C. § 1183a(c).  The statute provides, in relevant part: "[r]emedies available to enforce an affidavit of support under this section include . . . an order for specific performance and payment of legal fees and other costs of collection . . . ." 8 U.S.C. § 1183a(c).  "Attorneys' fees are authorized under § 1183a(c) and are enforceable under federal law." *E.g.*, *Shagoofa v. Eshaqzi*, No. 8:22-cv-1824-FWS-JDE, 2024 WL 1600657, at *5 (C.D. Cal. Feb. 26, 2024) (citations omitted); *see also*, *e.g.*, *Mao v. Bright*, 645 F. Supp. 3d 805, 814-15 (S.D. Ohio 2022) (finding the imposition of attorney fees warranted under § 1183a(c)).  The Court finds that awarding attorney fees relating to Plaintiff's efforts in collection and enforcement of the Judgment is proper.  *See Belevich v. Thomas*, No. 2:17-CV-1193-AKK, 2022 WL 6502321, at *2 (N.D. Ala. Apr. 22, 2022) ("[B]ecause the statute contemplated the shifting of collection costs . . . the court will include them in the award.")

Plaintiff's fee request is supported by the Affidavit of Ambrielle R. Glass [Doc. No. 140-1] and detailed billing records of Blackbox Legal Group [Doc. No. 140-2].  The Court has reviewed the rates billed by Plaintiff's counsel, the amount of hours expended on this litigation by Plaintiff's counsel, as well as the tasks performed by Plaintiff's counsel.

The "determination of reasonableness and amount of the fee award is generally left to the sound discretion of the district court." *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 773 (10th Cir. 1999).  Upon review and for the reasons addressed in

the Motion, the Court finds the hourly rates, time spent on particular tasks, and the amount requested[2] are reasonable.

IT IS THEREFORE ORDERED that Plaintiff Etti Biton's Motion for Award of Attorneys' Fees [Doc. No. 140] is GRANTED in part.[3] Plaintiff is awarded attorneys' fees in the amount of $12,000.00. An amended judgment will be entered contemporaneously with this Order.

IT IS SO ORDERED this 17th day of December, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes Plaintiff seeks an attorneys' fees award of $12,000, rather than the incurred attorney expenses of $23,456.77. [Doc. No. 140].

[3] Ambrielle Glass's request for the award of attorney fees to be paid directly to BlackBox Legal Group, instead of Plaintiff, is DENIED. Ms. Glass cites no authority for the request, and the Court finds that the statute controls "'what the losing defendant must pay, not what the prevailing plaintiff must pay [her] lawyer,' and [the statute] does not govern fee arrangements between clients and their counsel." *E.g.*, *Busby v. City of Tulsa*, No. 11-CV-447-JED-JFJ, 2019 WL 13298882, at *1 (N. D. Okla. Apr. 5, 2019) (quoting *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990)).