**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ETTI BITON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-23-968-SLP |
| | ) |
| JEFFREY JACKSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion for Order to Show Cause Why Defendant Should Not Be Held in Civil Contempt [Doc. No. 153]. Plaintiff requests that the Court issue a Show Cause Order to Defendant Jeffrey Jackson on the basis of purported violations of the Court's June 24, 2025 Order. For the reasons that follow, Plaintiff's Application is DENIED.

## I.   Background

As fully set forth in previous Orders of the Court, *see* [Doc. Nos. 24 and 33], this action involves claims for immigration spousal support pursuant to 8 U.S.C. § 1183a and an I-864 Affidavit of Spousal Support. Plaintiff sought unpaid spousal support from 2020 through 2024, in addition to an order of specific performance requiring Defendant to pay spousal support in an amount equal to 125 percent of the applicable Federal Poverty Guidelines, less her qualifying income, until occurrence of an event terminating Defendant's spousal support obligation.

The relevant procedural history is set forth as follows.  After service, Defendant failed to answer or otherwise respond, and the Clerk of Court filed an Entry of Default [Doc. No. 12].  On January 7, 2025, the Court entered Default Judgment in favor of Plaintiff, which included monetary damages of $54,375.50.[1]   [Doc. No. 25].  The Order and Judgment also required Defendant to pay Plaintiff an amount equal to 125 percent of the Federal Poverty Guidelines for a household of one, less any income earned by Plaintiff, every month until occurrence of a listed terminating event.  *Id.*  The Order and Judgment stated that Defendant must transmit the monthly payments to Plaintiff on or before the fifth business day of each month.  *Id.*; *see also* [Doc. No. 24].

On January 15, 2025, Plaintiff filed, among other motions, a Motion for Contempt of Court Order [Doc. No. 27] for Defendant's failure to comply with the Court's Order [Doc. No. 24] and Judgment [Doc. No. 25] by not paying the money judgment in accordance with the terms of the Order and Judgment.  On February 14, 2025, the Court entered an Order [Doc. No. 33] denying the Motion as Plaintiff was seeking enforcement of the money judgment and therefore "[c]ivil contempt [was] unavailable at [that] juncture." [Doc. No. 33] at 4-5.

After engaging in post-judgment discovery and collection efforts, Plaintiff ultimately filed a Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Asserts and for Injunction Forbidding Transfer or other Disposition of Property [Doc. No. 84] (Asset Hearing Motion) on June 16, 2025.  Plaintiff

---

[1] The Judgment was also amended to reflect an additional award of $12,000 in attorney fees to Plaintiff.  *See* Order [Doc. No. 150] and Amended Judgment [Doc. No. 151].

requested that the Court conduct a hearing on Defendant's assets and that the Court should enjoin the Defendant from "attempting to transfer, encumber, alienate or conceal property" because "[p]ending a hearing on assets, there [was] a risk that Defendant [would] attempt] to do such activities to frustrate creditors. *See* [Doc. No. 84] at 1-2. The Asset Hearing Motion was referred to Magistrate Judge Amanda L. Maxfield, who entered an Order [Doc. No. 94] (the Asset Hearing Order) on June 24, 2025, setting a judgment debtor exam and requiring the Defendant to bring relevant financial documents that could assist in collection of the money judgment. [Doc. No. 94] at 1-2. The Asset Hearing Order also stated, in relevant part, that Defendant was:

> **HEREBY ENJOINED FROM ALIENATING, CONCEALING, ENCUMBERING, SELLING, TRANSFERING, PAYING OUT, MORTGAGING OR IN ANY WAY DISPOSING OF ANY MONEY OR PROPERTTY [sic], EITHER REAL OR PERSONAL, EXCEPT SUCH PROPERTY WHICH IS NECESSARY FOR REASONABLE LIVING EXPENSES AND IN THE ORDINARY COURSE OF BUSINESS, UNTIL FURTHER ORDER OF THIS COURT.**

*Id*. at 3 (All caps and boldface in original). The judgment debtor exam was held on June 27, 2025 before the Magistrate Judge. *See* Courtroom Minute Sheet [Doc. No. 97].

On July 24, 2025, Plaintiff filed an Application for Contempt [Doc. No. 104] on the basis that Defendant failed to produce the relevant financial documents required by the Asset Hearing Order. While the Application was pending, the Parties advised the Court on multiple instances as to the production of Defendant's financial documents. *See* [Doc. Nos. 114, 124, 130, 137]. The Court conducted a hearing on Plaintiff's Application on December 12, 2025. *See* Courtroom Minute Sheet [Doc. No. 149]. At the hearing,

3

Plaintiff's former counsel advised the Court that all of Defendant's financial documents at issue that could be produced were produced by the Defendant. *Id*. at 1.

Plaintiff filed the present Application on December 23, 2025. She represents that Defendant has violated the Asset Hearing Order [Doc. No. 94] by making purchases beyond such which are "necessary for reasonable living expenses." *See* [Doc. No. 153] at 2-3. Plaintiff requests that the Court: (1) issue a show cause order requiring Defendant to demonstrate why he should not be held in contempt; (2) find Defendant in civil contempt and order coercive sanctions, including fees and/or incarceration, until the Defendant purges the contempt; and (3) Order Defendant to immediately pay the sum of $ 6,411.47 for unpaid installment payments for the months of June 2025 through December 2025 pursuant to the Court's Order and Judgment [Doc. Nos. 24, 25]. *See id*. at 7.

## II.      Discussion

While Plaintiff relies on the Magistrate Judge's Order [Doc. No. 94] in requesting that the Court find Defendant in civil contempt, Plaintiff is primarily seeking enforcement and collection of a "money judgment" pursuant to the Court's Order and Judgment [Doc. Nos. 24, 25]. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 216 (2002) ("The 'substance' of a money judgment is a compelled transfer of money). Plaintiff takes issue with the fact that Defendant has spent cash on other items rather than making payments toward satisfying the money judgment. *See* [Doc. No. 153] at 5 ("Defendant's simultaneous failure to comply with his primary financial obligations to Plaintiff"); *id*. ("Defendant's conscious choice to fund his lifestyle while failing to satisfy court-ordered payments . . . ."); *id*. at 6 ("while [Defendant] defaulted on his court-ordered payments . . .

4

.”). Similarly, Plaintiff asks that the Court order Defendant to immediately direct payments to Plaintiff. For example, the Plaintiff requests ordering coercive sanctions until the Defendant reimburses "dissipated funds" and makes the "judgment payments" current, as well as requests the immediate payment of accrued installment payments. *Id*. at 7. The Court finds that Plaintiff is seeking execution on a money judgment.[2] Accordingly, Fed. R. Civ. P. 69 controls the Court's analysis of the Application.

As the Court has previously explained at multiple instances, contempt is not the appropriate means of seeking execution on a money judgment. *See* [Doc. No. 33] at 3-5; [Doc. No. 40] at 2. Execution of a money judgment is governed by Rule 69, which provides, in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). While Plaintiff cites to case law regarding the elements of a finding of contempt, Plaintiff does not cite any case law where contempt is proper as part of post-judgment collection efforts. "The purpose of the postjudgment proceedings is to discover assets that might be available to satisfy the judgment, and, following discovery, to execute on those assets." *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 868 (7th Cir. 2013) (citing *Bank of Am., N.A. v. Veluchamy*, 643 F.3d 185, 188

---

[2] As the Court previously noted, the monthly installment payments included in the Judgment do not alter its status as a "money judgment." *See* [Doc. No. 33] at 3, n. 2.

(7th Cir. 2011); *see also Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983) ("[W]e do not interpret the exception to execution [under Rule 69] to permit a federal court to enforce a money judgment by contempt or methods other than a writ of execution, except in cases where established principles so warrant.") (citations and internal quotations omitted); *Abbasid, Inc. v. First Nat'l Bank of Santa Fe*, No. CV-09-00354 JP/LFG, 2010 WL 11493333, at *2 (D.N.M. Sept. 9, 2010) ("[W]hen a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt.") (quoting *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980-81 (11th Cir. 1986). Plaintiff has sent discovery requests to Defendant, participated in a hearing on Defendant's assets, and ultimately received all of the requested financial documents from Defendant. These steps have been taken to reveal assets of Defendant which may be used to satisfy the money judgment. Plaintiff now seems to be requesting the Court to compel the transfer of money from Defendant to Plaintiff.[3] Such an action would be impermissible as the Court has already entered a Judgment [Doc. No. 25], which already creates an obligation for Defendant to pay Plaintiff. It is not the role of the Court to compel the further transfer of money between the parties, and Plaintiff must use the state-law remedies she has available to herself to collect on the money judgment already entered.

The Court also finds that Plaintiff's reliance on the Asset Hearing Order is misplaced. In the Asset Hearing Motion, Plaintiff specifically requested that an injunction

---

[3] As the Court previously noted, imprisonment for failure to pay the financial obligations of the Judgment would be impermissible under Oklahoma law. *See* [Doc. No. 33] at 4-5; Okla. Const. art. II, § 13.

6

be ordered to prevent attempts to "transfer, encumber, alienate, or conceal property" prior to the hearing on assets and "until further order of the Court." *See* [Doc. No. 84] at 2. The Court proceeded to conduct a hearing on assets on June 27, 2025. [Doc. No. 97]. Defendant then proceeded to ultimately produce his relevant financial documents to Plaintiff in order to assist in execution of the money judgment. The primary purpose of the Asset Hearing Order was to ensure that the Defendant did not hide or move assets prior to the hearing on assets. Furthermore, Defendant was required to produce financial materials to demonstrate the assets which could be used to satisfy the money judgment. By providing this information to Plaintiff, Plaintiff would then be able to make efforts to collect on the money judgment. Rather than indefinitely binding Defendant to an injunction, the appropriate remedy is for Plaintiff to use post-judgment enforcement mechanisms at her disposal. *See Oliver v. Merlo*, No. CV 20-00145 WRP, 2022 WL 20656413, at *13 (D. Haw. Aug. 30, 2022), *aff'd*, No. 22-16771, 2023 WL 6620289 (9th Cir. Oct. 11, 2023) ("Plaintiff has not cited any authority indicating that seeking a *preliminary* injunction is the appropriate mechanism to preserve the status quo after a jury trial where Federal Rule of Civil Procedure 69 and state law provide more specific remedies for enforcing a judgment."); *see also Allstar Mktg. Grp., LLC v. AFACAI*, 2021 WL 2555636, at *6 (S.D.N.Y. June 22, 2021) ("[C]ourts regularly have rejected the notion that Rule 65 can be used to circumvent the more specific provisions of Rule 69 that apply to execution of a judgment."); *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *11 (S.D.N.Y. Mar. 27, 2019) (citation omitted) ("the ordinary recourse upon securing a money judgment is to look for the remedies available under Federal Rule of Civil Procedure 69

7

and state law; it [is] not appropriate to adopt a reading of a post-judgment asset freeze remedy under Rule 65 that would seemingly subsume the remedies provided by Rule 69 and state law."). Plaintiff has not demonstrated the applicability of the Asset Hearing Order to her present circumstances, where she is seeking execution of the money judgment. Plaintiff is effectively seeking an indefinite injunction despite having other remedies at her disposal. Accordingly, the Court declines to exercise its discretion in issuing a finding of contempt in these circumstances.

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Order to Show Cause Why Defendant Should Not Be Held in Civil Contempt [Doc. No. 153] is DENIED.

IT IS SO ORDERED this 29th day of January, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE