**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ETTI BITON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-23-968-SLP |
| | ) |
| JEFFREY JACKSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion for Reconsideration of Order Regarding [sic] Order to Show Cause and Renewed Request for Enforcement Relief [Doc. No. 156]. Plaintiff has also submitted a declaration in support of the Motion. *See* Dec. of Etti Biton [Doc. No. 157]. The Court construes Plaintiff's Motion as a request for relief, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, from the Court's Order [Doc. No. 155] denying Plaintiff's Motion for Order to Show Cause Why Defendant Should Not Be Held in Civil Contempt [Doc. No. 153] ("Motion for Order to Show Cause"). For the reasons that follow, Plaintiff's Motion [Doc. No. 156] is DENIED.

**I.      Background**

The Court has addressed the extensive factual and procedural background of this matter in several of its prior Orders. See [Doc. Nos. 24, 33, and 155]. The Court summarizes the relevant background as follows.

Plaintiff filed a Motion for Order Requiring Judgment Debtor to Appear and Answer Concerning Property and Asserts and for Injunction Forbidding Transfer or other

Disposition of Property [Doc. No. 84] (Asset Hearing Motion) on June 16, 2025.  Plaintiff requested that the Court conduct a hearing on Defendant's assets and that the Court should enjoin the Defendant from "attempting to transfer, encumber, alienate or conceal property" because "[p]ending a hearing on assets, there [was] a risk that Defendant [would] attempt" to do such activities to frustrate creditors.  *See* [Doc. No. 84] at 1-2.  The Asset Hearing Motion was referred to Magistrate Judge Amanda L. Maxfield, who entered an Order [Doc. No. 94] (the Asset Hearing Order) on June 24, 2025, setting a judgment debtor exam and requiring the Defendant to bring relevant financial documents that could assist in collection of the money judgment.  Asset Hearing Order [Doc. No. 94] at 1-2.  The Asset Hearing Order also stated, in relevant part, that Defendant was:

> **HEREBY ENJOINED FROM ALIENATING, CONCEALING, ENCUMBERING, SELLING, TRANSFERING, PAYING OUT, MORTGAGING OR IN ANY WAY DISPOSING OF ANY MONEY OR PROPERTTY [sic], EITHER REAL OR PERSONAL, EXCEPT SUCH PROPERTY WHICH IS NECESSARY FOR REASONABLE LIVING EXPENSES AND IN THE ORDINARY COURSE OF BUSINESS, UNTIL FURTHER ORDER OF THIS COURT.**

*Id*. at 3 (All caps and boldface in original).  The judgment debtor exam was held on June 27, 2025, before the Magistrate Judge.  *See* Courtroom Minute Sheet [Doc. No. 97].

On July 24, 2025, Plaintiff filed an Application for Contempt [Doc. No. 104]  on the basis that Defendant failed to produce the relevant financial documents required by the Asset Hearing Order.  While the Application for Contempt was pending, the Parties advised the Court on multiple instances as to the production of Defendant's financial documents.  *See* [Doc. Nos. 114, 124, 130, 137].  The Court conducted a hearing on Plaintiff's

Application for Contempt on December 12, 2025. *See* Courtroom Minute Sheet [Doc. No. 149] at 1. Both Plaintiff herself and her counsel appeared at the hearing. *See id*. At the hearing, Plaintiff's counsel advised the Court that all of Defendant's financial documents at issue that could be produced were produced by the Defendant. *Id*. at 1. Counsel for Plaintiff was subsequently granted leave to withdraw at the hearing. *Id*. at 2.

Plaintiff, appearing pro se, filed the Motion for Order to Show Cause [Doc. No. 153] on December 23, 2025. Plaintiff asserted in the Motion for Order to Show Cause that Defendant violated the Asset Hearing Order [Doc. No. 94] by making purchases beyond such which are "necessary for reasonable living expenses." *See* [Doc. No. 153] at 2-3. As such, Plaintiff requested that the Court issue a Show Cause Order and direct Defendant to submit payments to Plaintiff. *See id*. at 7.

On January 29, 2026, the Court issued an Order [Doc. No. 155] denying Plaintiff's Motion for Order to Show Cause. First, the Court found that Plaintiff's Motion for Order to Show Cause was impermissibly requesting the Court to assist in executing a money judgment by finding Defendant in contempt. *See* Order [Doc. No. 155] at 5-6. Furthermore, the Court found that the primary purpose of the Asset Hearing Order was accomplished as a hearing on assets was conducted and the requested financial documents were produced. *See id*. at 6-8.

## II.    Governing Law

Under Rule 60(b), the Court may relieve a party from an order or judgment due to, *inter alia*, "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" or for "any other reason that justifies relief." Fed. R.

3

Civ. P. 60(b)(3) and (6).  "Relief under Rule 60(b) . . . is 'extraordinary and may only be granted in exceptional circumstances."  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Plaintiff, despite appearing pro se, must "follow the same rules of procedure that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citation omitted).

## III.    Discussion

As an initial matter, Plaintiff raises numerous arguments that are unrelated to reconsideration of the Court's January 29, 2026, Order [Doc. No. 155].  Plaintiff's Motion for Order to Show Cause [Doc. No. 153] related solely to purported violations of the Asset Hearing Order [Doc. No. 94].  It is impermissible for Plaintiff to raise new arguments or legal issues in the present Motion that were not addressed in her original Motion for Order to Show Cause.  *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument."); *Van Skiver*, 952 F.2d at 1243 ("advancing new arguments or supporting facts which were otherwise available for presentation" is not permissible for motion for reconsideration) (cleaned up and citations omitted).  The narrow purpose of a motion for reconsideration is to evaluate grounds which warrant relief from the specific consequences of a particular order or

4

judgment of the Court. Many of the arguments presented by Plaintiff in her Motion relate to alleged frustration of enforcement efforts, Defendant's conduct in post-judgment discovery, and interactions between Plaintiff and her former counsel. *See* Mot. [Doc. No. 156] at 4-13. Such arguments are not properly before the Court and do not relate to reconsideration of the Court's findings in its previous Order [Doc. No. 155]. Furthermore, to the extent Plaintiff seeks enforcement relief under Rule 70 in the Motion, such requests exceed the narrow function of a Rule 60(b) motion and is violative of the Court's local rules. *See* LCvR7.1(c) ("Each motion filed shall be separate document, except where otherwise allowed by law, these rules, or court order.").

The Court found in its prior Order that Plaintiff was impermissibly requesting the Court to order Defendant to direct payments to Plaintiff by means of contempt. *See* Order [Doc. No. 155] at 4-5. Plaintiff states in the present Motion that the purpose of her Motion for Order to Show Cause [Doc. No. 153] was "to vindicate the Court's authority against Defendant's affirmative acts of misconduct . . . ." *See* Mot. [Doc. No. 156] at 2. The Court finds the proposition underdeveloped and not well taken. Plaintiff does not cite any authority nor demonstrate how the requested relief in the Motion for Order to Show Cause was not seeking execution on a money judgment. Plaintiff's characterization of the Motion for Order to Show Cause does not supplant the Court's prior findings. The Court has now noted on *three* separate occasions that "contempt is not the appropriate means of seeking execution on a money judgment." *See* Order [Doc. No. 155] at 5; [Doc. No. 33] at 3-5; [Doc. No. 40] at 2. Additionally, Plaintiff's request for different relief in the present motion to reconsider does not cure the defects of the requested relief in her Motion for

5

Order to Show Cause.[1] Plaintiff has not asserted any grounds for relief under Rule 60(b) that warrant reconsideration of the Court's findings and conclusions as to the nature of the requested relief in her Motion for Order to Show Cause.

Next, the Court found in its prior Order [Doc. No. 155] that the purpose of the Asset Hearing Order had been accomplished and cannot serve as a basis for a finding of contempt. In the present Motion, Plaintiff asserts that additional documents had not been produced by Defendant. Defendant's production of documents was one of the several considerations in the Court's analysis. *See* Order [Doc. No. 155] at 6-7. Plaintiff does not demonstrate how the alleged additional documents affect the Court's overall conclusions that the purpose of the Asset Hearing Order was accomplished and warrants reconsideration under Rule 60(b). As the Court previously mentioned, Plaintiff requested the injunctive language in the Asset Hearing Order to prevent Defendant from performing activities to frustrate collection activities prior to the hearing on assets. *See id*. at 3, 6-7. A judgment debtor exam was performed on June 27, 2025. *See* Courtroom Minute Sheet [Doc. No. 97]. In addressing whether any documents relating to the hearing on assets needed to be produced, counsel for Plaintiff represented at the Court's December 12, 2025 hearing that all requested financial documents that could be produced had been produced by the Defendant.[2] *See* Courtroom Minute Sheet [Doc. No. 149]. The representations made by

---

[1] The Court finds that granting relief which differs from Plaintiff's original Motion for Order to Show Cause is impermissible under the narrow scope of a motion to reconsider. *See, e.g., Lebahn*, 813 F.3d at 1306.

[2] While counsel for Plaintiff subsequently withdrew from their representation of Plaintiff, counsel for Plaintiff were still agents of Plaintiff and deemed to have acted on her behalf until they were

counsel for Plaintiff cannot simply be undone after counsel's subsequent withdrawal. *See Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1189 (10th Cir. 2002) ("Those who act through agents are customarily bound by their agents' mistakes. It is no different when the agent is an attorney."); *Hernandez v. Michaud*, 131 F.3d 151, at \*2 (10th Cir. 1997) (table decision) ("The actions of Plaintiff's counsel are binding on Plaintiff because a party authorizes counsel to act as its agent.") (citations omitted); *Mendez v. Brown*, 12 Fed. App'x. 784 at 787 (10th Cir. 2001) (unpublished) ("Parties choose their counsel and generally are bound by their acts."). In addition, Plaintiff was present at the December 12, 2025 hearing and had the opportunity to clarify whether such statement was accurate. While Plaintiff asserts in her Motion that she was not aware of the finality of her counsel's statements, "a party who simply misunderstands or fails to predict the legal consequences of [her] deliberate actions cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citations omitted). Furthermore, Plaintiff's argument as to this issue is underdeveloped, cites to no authority, and does not demonstrate how her circumstances warrant relief under a particular Rule 60(b) ground.[3] Accordingly, the Court finds that Plaintiff is not entitled to relief from the Court's January 29, 2026 Order [Doc. No. 155].

---

given leave to withdraw. *See* LCvR 83.5 ("attorneys of record shall not withdraw from the case except by leave of the judge to whom the case is assigned . . .").

[3] The request for Defendant to produce additional documents is outside the scope of Plaintiff's motion for reconsideration.

IV.    **Conclusion**

Plaintiff's Motion for Reconsideration of Order Regarding [sic] Order to Show Cause and Renewed Request for Enforcement Relief [Doc. No. 156] is DENIED.

IT IS SO ORDERED this 20th day of May, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

8